UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-483 (DLF) |
| : | |
| EDWARD FRANCISCO RODRIGUEZ, : | |
| : | |
| DEFENDANT. : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR U.S. MARSHAL TRAVEL FUNDS**

The Court should deny Defendant Edward Francisco Rodriguez's ("Rodriguez") Motion for U.S. Marshal Travel Funds, ECF No. 42, because Rodriguez has failed to show he is unable to pay for transportation from his residence in New York City to Washington, D.C. Even if Rodriguez could establish eligibility under 18 U.S.C. § 4285 for funds to travel to Washington, D.C., he is not entitled to expenses for post-plea travel back to New York City.

**BACKGROUND**

**A.  Relevant Procedural History**

On July 23, 2021, the Grand Jury issued a superseding indictment that charged Rodriguez with violating 18 U.S.C. § 231(a)(3) (Civil Disorder)(Count One), 18 U.S.C. §§ 111(a)(1) and (b) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Inflicting Bodily Injury on Certain Officers)(Count Two), 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon)(Count Three), 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds)(Count Four), 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in a Restricted Building or Grounds)(Count Five), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct within Capitol Grounds)(Count Six), and 40 U.S.C. § 5104(e)(2)(F). ECF No. 28. On

1

November 2, 2022, Rodriguez filed the instant motion. ECF No. 42. On November 4, 2022, Rodriguez submitted a supplemental filing requesting a per diem allowance for subsistence expenses, and an affidavit regarding the defendant's ability to pay for transportation. ECF No. 43.

### B.  Factual Background

At 1:00 p.m., EST, on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. As early as 12:50 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to – and did – evacuate the chambers.

### *The Defendant's Participation in the January 6, 2021, Capitol Riot*

An affidavit supporting the criminal complaint against Rodriguez partially describes his role in the January 6, 2021 attack on the Capitol. ECF 1-1. Among other facts, the Statement of Facts alleges that on January 6, 2021, Rodriguez was present in a restricted area of the Capitol grounds. In open-source videos and Body Worn Camera ("BWC") footage of multiple Metropolitan Police officers, agents identified Rodriguez spraying an unknown chemical irritant at Metropolitan Police officers and United States Capitol Police officers stationed at the West front barrier of the Capitol grounds.

## ANALYSIS

Rodriguez resides in New York City. ECF No. 42. Rodriguez requests under 18 U.S.C. § 4285 that the U.S. Marshals Service pay for his noncustodial transportation "to attend the upcoming change of plea hearing scheduled for December 1, 2022, in the District of Columbia, and then to return home to New York City…." ECF No. 42. Rodriguez further requests that "the Court order the U.S. Marshals Service to furnish Mr. Rodriguez with a per diem allowance for subsistence expenses, also pursuant to 18 U.S.C. § 4285." ECF No. 43. Rodriguez did not initially attach a declaration or an affidavit in support of his motion to establish that he was unemployed or otherwise without means to pay for his transportation while traveling from New York City to Washington, D.C. for the plea hearing. Upon order of the Court, Rodriguez filed an affidavit where he asserts, "…I am financially unable to provide the necessary transportation to appear before the court on my own." ECF No. 43-1.

The Court should deny Rodriguez's motion because he has failed to establish that he is unable to pay for transportation to the site of court and, therefore, he is not entitled to the relief he seeks. Further, even if Rodriguez could establish that he is unable to pay for his noncustodial transportation while traveling from New York City to Washington, D.C. for a plea hearing, Rodriguez is not entitled to noncustodial transportation post-plea while traveling from Washington, D.C. to New York City.

Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the

> defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285.

Under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby" order the U.S. Marshal to provide a defendant with funds for noncustodial transportation while traveling to the judicial district or a division within the same judicial district for court proceedings. *Id.* Expenses for subsistence under § 4285 is limited to an amount of money to a defendant's destination. *Id.* The district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Since passage of § 4285, defendants have requested that courts go beyond the plain text of § 4285 and order the U.S. Marshals Service to pay expenses or reimbursement of expenses for a defendant's noncustodial transportation and subsistence to the judicial district where a matter is pending, through the conclusion of the proceedings, and for noncustodial transportation and subsistence from the judicial district or division where

4

proceeding was held back to a defendant's residence outside the judicial district or division. Courts have rejected this approach. For example, this Court in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C. 1991), denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave,* 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D. Cal. 2009)(granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion as not being in the interest of justice. Recently, in a context relevant here, the Chief Judge of this Court in *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022), denied a motion under § 4285 for travel expenses to attend sentencing by a defendant convicted of misdemeanor

offenses related to the breach and assault of the U.S. Capitol on January 6, 2021. In denying the motion, the Court reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.*

Rodriguez has failed to establish he is unable to pay for transportation to court for a plea hearing or that granting the motion is in the interest of justice. First, Rodriguez's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into Rodriguez's ability to pay. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in funds to pay for travel and reimbursement to attend an upcoming Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Forest also supported her motion with documentation including a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Here, Rodriguez has not provided the Court with any documentation supporting the assertion that he is unable to pay which would allow the Court to fulfill its obligation to conduct an appropriate inquiry into Rodriguez's ability to pay. On this basis alone, the

6

Court should deny the motion. Additionally, Rodriguez, who is charged under 18 U.S.C. § 231(a)(3) with felony civil disorder and under 18 U.S.C. § 111(a)(1) and (b) with felony assault using a dangerous weapon and inflicting bodily injury, has failed to state why it is in the interests of justice that the Court grant his motion.

Alternatively, if the Court finds that Rodriguez is unable to pay and orders the U.S. Marshals Service to fund his noncustodial transportation and subsistence expenses to Washington, D.C., under § 4285, Rodriguez is not entitled to expenses for post-plea travel back to New York City.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Court should deny Rodriguez's motion under 18 U.S.C. § 4285 for an order directing the U.S. Marshal Service to provide him with funds for noncustodial transportation and subsistence expenses from New York City to Washington, D.C. for a plea hearing, and for the return trip to New York City.[1]

---

[1] Although 18 U.S.C. § 4285 does not permit the relief Rodriguez requests based on Rodriguez's inadequate showing, some courts have found alternative ways to provide defendants with funds for transportation and lodging. *United States v. Badalamenti,* No. 84 CR. 236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it."); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house."); *United States v. Gundersen*, 978 F.2d 580, 584-585 (10th Cir. 1992)(holding the Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires Pre-Trial Service to provide defendants unable to qualify under 18 U.S.C. § 4285 for funds used for transportation and lodging); *but see United States v. Mendoza,* 734 F. Supp. 2d 281, 285-287 (E.D.N.Y. 2010)(rejecting the reasoning in *Nave* that a half-way house may be an appropriate lodging for a defendant on pretrial release and the reasoning in *Gundersen* that the Pre-Trial Service Agency may arrange for funding and lodging as an overbroad reading of the § 4285 and holding instead that a defendant may access funds under an "admittedly tortured" reading of the Criminal Justice Act, 18 U.S.C. § 3006A, by a court order authorizing defense counsels to access judiciary funds to arrange for their clients transportation and lodging.)

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

        By: /s/ *Will N. Widman*
        WILL N. WIDMAN
        NC Bar No. 48158
        Trial Attorney, Detailee
        1301 New York Avenue NW, 8th Floor
        Washington, DC 20530
        (202) 353-8611
        Will.Widman@usdoj.gov